UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

Civil Case No._____

United States of America,

    Plaintiff,

v.

Le Xu,

    Defendant.

_____/

Criminal Case No. CR-23-199-002-SLP
_____

**FILED**

APR 0 / 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

PRO SE PETITIONER/MOVANT/DEFENDANT LE XU'S MOTION UNDER 28 U.S.C. SECTION 2255 (OR, HIS "SECTION 2255 MOTION") TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Submitted On: March 27, 2025
_____

Table of Contents:
_____

1. Title Page..................................................................................................Page 1
2. Completed Section 2255 Motion Form, Containing Grounds One Through Four...........Pages 2-13
3. Appendices to Grounds One Through Four................................................................Pages 14-23
4. Supplement Containing Ground Five.........................................................................Pages 24-25

LE XU
Petitioner, Appearing Pro Se
BOP Registration No. 55574-510
LSCI Allenwood Low Security Correctional Institution
P.O. Box 1000, White Deer, Pennsylvania 17887-1000

LX.

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Western Dist. of Oklahoma |
|---|---|---|
| Name (under which you were convicted):  LE XU | | Docket or Case No.: CR-23-199-002-SLP |
| Place of Confinement: LSCI Allenwood Low Security Correctional Institution, White Deer, PA | | Prisoner No.:  55574-510 |
| UNITED STATES OF AMERICA | | Movant (include name under which convicted) |
| v. | LE XU | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: __United States District Court for the Western District of Oklahoma 200 NW 4th Street, Oklahoma City, Oklahoma 73102__

    (b) Criminal docket or case number (if you know): __CR-23-00199-002-SLP__

2.  (a) Date of the judgment of conviction (if you know): __March 28, 2024__

    (b) Date of sentencing: __March 28, 2024__

3.  Length of sentence: __51 months (+ two (2) years supervised release)__

4.  Nature of crime (all counts): __I pled guilty to:__
    __-> 21 U.S.C. Section 841(A)(1)__
    __-> 21 U.S.C. Section 841(B)(1)(B)__
    __-> 18 U.S.C. Section 2__

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? __I pled guilty to: "Posession of Marijuana with Intent to Distribute"; and, "Aiding and Abetting." I did not plead guilty to a conspiracy charge(s).__

6.  If you went to trial, what kind of trial did you have? (Check one)  N/A   Jury ☐      Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☒

_LX._

8. Did you appeal from the judgment of conviction?                Yes ☐        No ☒

9. If you did appeal, answer the following:

   (a) Name of court: _____ N/A

   (b) Docket or case number (if you know): ___ N/A

   (c) Result: _____ N/A

   (d) Date of result (if you know): _____ N/A

   (e) Citation to the case (if you know): ____ N/A

   (f) Grounds raised: _____ N/A

N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐  No ☒

     If "Yes," answer the following:

     (1) Docket or case number (if you know): __ N/A

     (2) Result: _____ N/A

     (3) Date of result (if you know): _____ N/A

     (4) Citation to the case (if you know): ____ N/A

     (5) Grounds raised: _____ N/A

N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____ N/A

      (2) Docket or case number (if you know): ___ N/A

      (3) Date of filing (if you know): _____ N/A

      (4) Nature of the proceeding: _____ N/A

      (5) Grounds raised: _____ N/A



N/A

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____N/A_____

(5) Grounds raised: _____

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ❑ No ❑

(7) Result: _____N/A_____

(8) Date of result (if you know): _____N/A_____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:      Yes ❑ No ❑

(2) Second petition:    Yes ❑ No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

N/A

\* All additional "Grounds" are attached under "Supplement(s)" to Form.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Please also see the attached continuation page, by an Appendix [in chronological order] to each numbered Ground herein.

**GROUND ONE:** Constitutionally Ineffective Assistance of Counsel by my criminal case attorney, Mr. Irven R. Box ("Mr. Box" or my "Defense Counsel").

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Mr. Box was constitutionally ineffective because of an actual material and irreconciable conflict that precluded him from functioning in the role of an advocate for me; and, resultingly, adversely affected his defense strategies, his representation, and his performance on my behalf. Mr. Box made an appearance for me in my criminal case knowing full well that he was not acting on my behalf and for my best interests, but rather he was knowingly representing the best interests of Mr. Hong Tan, the person who actually paid for his retainer and engagement. Mr. Box also concealed such patent conflict of interest from me throughout his fictional respresentation of me.

->Please see Continuation of "Ground One" at "Appendix-1/Ground One."

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒  Only Herein.

(2) If you did not raise this issue in your direct appeal, explain why: No, I have not been able to raise this issue on any direct appeal because Mr. Box did not inform me that I can Appeal, nor did he follow my instructions to Appeal on said

(c) **Post-Conviction Proceedings:**  raised issue nor any other directed issue.

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒  Only Herein.

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed: ____N/A____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): ___N/A___

_____N/A_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐  N/A



(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:      N/A

Docket or case number (if you know):        N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:      N/A

N/A

**GROUND TWO:** Ineffective Assistance of Counsel by my Defense Counsel, Mr. Box, for utter failure to Appeal my Judgment of Conviction and Sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): My Defense Counsel, Mr. Box, did not ever inform me that I can still appeal the judgment of conviction and imposed sentence against me, including for his irreconcilable conflict of interest and his patent failure to actually represent my best interests and not of others, including Mr. Tan who paid Mr. Box's services. I specifically instructed Mr. Box to Appeal for me, including because the weight of the marijuana used as evidence against me "jumped" from 100lbs to 100 kilos with no explanations.

->Please see Continuation of "Ground Two" at "Appendix-2/Ground Two."

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ☒   Only Herein.

(2) If you did not raise this issue in your direct appeal, explain why: No, I was not able to actually raise this material issue, because my Defense Counsel failed to Appeal for me after I had specifically asked him to Appeal for me.



(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒  Only Herein.

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____ N/A

Name and location of the court where the motion or petition was filed:__N/A

Docket or case number (if you know):_____N/A

Date of the court's decision:_____N/A

Result (attach a copy of the court's opinion or order, if available):__N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐  N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐  N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐  N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:__N/A

Docket or case number (if you know):_____N/A

Date of the court's decision:_____N/A

Result (attach a copy of the court's opinion or order, if available):__N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:__N/A

N/A

**GROUND THREE:**  Ineffective Assistance of Counsel by my Defense Counsel, Mr. Box, for ineffective assistance during "plea bargaining process."

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): My Defense Counsel, Mr. Box, utterly failed to advise me at all, about the maximum sentence

I could receive as a result of going to Trial and, respectively, if I pled out. Rather, he inexplicably informed me on multiple occassions that if I pled out I would only receive a maximum two (2) year sentence. Instead, after I pled out, I received a 51-month sentence - more than double the time he had stated. Mr. Box also knowingly failed to inform me about the relevant circumstances and the likely consequences of a plea, including the right to appeal or not.

->Please see Continuation of "Ground Three" at "Appendix-3/Ground Three."

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒    Only Herein.

(2) If you did not raise this issue in your direct appeal, explain why: No, I was not able to actually raise this additional material issue, because my Defense Counsel failed to Appeal for me after I had specifically asked him to Appeal for me.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒    Only Herein.

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐    N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐    N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ N/A

N/A

**GROUND FOUR:** Ineffective Assistance of Counsel by my Defense Counsel, Mr. Box, for his intentional failure to conduct a thorough and required investigation into

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____ my interests.
Due to his irreconciable conflict(s) of interest [which infected and prejudiced any potential defense strategy I may have implemented], Mr. Box knowingly and substantially prejudical to me utterly failed to conduct any investigation(s) into any potential defenses that I may have had; that the authorities did not have a search warrant when they arrested me; as to the actual amount of marijuana I was being charged with; my actual role with respect to the charged offenses; and, why sentence should have been lower than other charged individuals. Mr. Box was also untruthful to said required investigation(s).
->Please see Continuation of "Ground Four" at "Appendix-4/Ground Four."

(b) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes ☐ No ☒   Only Herein.

  (2) If you did not raise this issue in your direct appeal, explain why: No, I have not been able to raise this issue on any direct appeal because Mr. Box did not inform me that I can Appeal, nor did he follow my instructions to Appeal said raised issue.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
     Yes ☐ No ☒   Only Herein.

  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:_____ N/A
  Name and location of the court where the motion or petition was filed: __N/A
  Docket or case number (if you know): N/A
  Date of the court's decision:_____ N/A



Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐    N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐    N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All of the Grounds for the Ineffective Assistance of Defense Counsel, presented herein, have not been previously presented in any federal court; including because they each, respectively, form the basis of this instant 28 U.S.C. Section 2255 Motion in itself, and for the reasons and issues stated herein and in the attached Appendices and respective Supplement(s) to said Motion.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

N/A

LX.

_____ N/A _____

_____ N/A _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mr. Irven R. Box, Esq. c/o Box & Box Law Firm
2621 S. Western Avenue, Oklahoma City, Oklahoma 73109

(b) At arraignment and plea: _____
Same as above

(c) At trial: _____
N/A - no Trial

(d) At sentencing: _____
Same as above

(e) On appeal: _____ N/A - no Appeal taken for the
reasons described above.

(f) In any post-conviction proceeding: SELF-REPRESENTED
["PRO SE"]

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

_____ N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
N/A

(b) Give the date the other sentence was imposed: _____ N/A

(c) Give the length of the other sentence: _____ N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☐     N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This instant Motion, pursuant to 28 U.S.C. Section 2255 (my "Section 2255 Motion") is being timely made [filed and served] because the Judgment of Conviction [including 51-month sentence I received] from the Sentencing Court only became "Final" on March 28, 2024 when the Sentencing Court [the United States District Court for the Western District of Oklahoma] entered said Judgment of Conviction and Sentence (the "Judgment Entry Date").

I am filing and serving my Section 2255 Motion, pursuant to the "Mailbox Rule", for incarcerated movants/petitioners [appearing pro se] by signing and mailing [via Allenwood Low's internal legal mail system for inmates] this instant Section 2255 Motion within one (1) year [365 days] of the Judgment Entry Date, on: March 28, 2024

March 27, 2025

Please see paragraph 6 (item 1 below); and, 28 U.S.C. Section 2255(f)(1).

Therefore, my Section 2255 Motion is being timely made/filed.

Because no appeal was taken, the judgment becomes final 14 days later on April 11, 2025, when the time to appeal expired.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.



Therefore, movant asks that the Court grant the following relief: Pursuant to the foregoing [including the attached/referenced Appendices and Supplements], I respectfully request that the Court vacate my judgment of conviction and 51-month sentence; ~~or any other relief to which movant may be entitled~~ and, as may be necessary:(1) hold any necessary evidentiary hearings on this Motion;(2) appoint me appropriate legal counsel;(3) schedule a new trial as to the charges against me; and, for any further relief that I may be entitled to and for the Court deems just and proper.

======= N/A =======
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing ~~is~~ are true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on the following date, March 27 , 2025 (month, date, year).

Executed (signed) on March 27 ,2025 (date).

_L B XU._
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. N/A

N/A

\* \* \* \* \*

APPENDIX - 1 // GROUND ONE - Continuation from page 5

I.   Introduction To My Section 2255 Motion

The Sixth Amendment to the federal Constitution guarantees a criminal defendant the right "to have the [a]assistance of [c]ounsel for his [or her] defen[s]e." United States Constitution, Amendment VI (the "Sixth Amendment"). Further, in Strickland v. Washington, the United States Supreme Court (the "Supreme Court") interpreted "assistance" to mean "effective" assistance. See Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To establish "ineffective assistance of counsel," I must show that my prior Defense Counsel, Mr. Box, was deficient and that such deficient performance was prejudicial to me. Strickland 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). I can establish the first prong by showing that my Defense Counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland 466 U.S. at 690. To establish the second prong, I must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id. at 694. Also see Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S. Ct. 696, 148 L. Ed. 3d 604 (2001).

Therefore, on the first hand, to prevail on the "deficiency" prong of the "Strickland Test," I must demonstrate that my Defense Counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment; or, in other words, that my Defense Counsel's performance fell below an objective standard of reasonableness. In turn, to prove "prejudice" as a result of my Defense Counsel's ineffective assistance, I must show that if it was not due to my Defense Counsel's unprofessional errors, there is a reasonable probability that the result of the underlying criminal proceeding against me (the "Case") would have had a different outcome.

As highlighted by my 28 U.S.C. Section 2255 Motion (my "Section 2255 Motion"), it is abundantly clear that if it was not for the ineffective assistance of my Defense Counsel, the outcome of the underlying proceedings against me would have changed dramatically. This is especially true for Ground One because due to Mr. Box's irreconcilable conflict - which I will further explain and evidence below - I was substantially prejudiced because the outcome of the Case was adversely and dramatically changed due to such stated irreconcilable conflict.

"An actual conflict exists when 'counsel, unknown to the accused and without his or her knowledgeable assent, is in a duplicitous position where his [or her] full talents as a vigorous advocate having the single aim of acquittal by means fair and honorable are hobbled or fettered or restrained by commitments to others.'" Perillo v. Johnson, 205 F.3d 775, 803 (5th Cir. 2000) (quoting United States v. Alvarez, 580 F.2d 1251, 1254 (5th Cir. 1978)).

II.   Factual & Legal Support

In consideration of the above, in order to succeed on a Sixth Amendment conflict-of-interest claim, I must prove that my Defense Counsel "'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his performance.'" Strickland, 466 U.S. at 692 (internal citation omitted). This resultingly requires me to prove that Mr. Box was in a position that would force him to make choices advancing other interests to the detriment of mine, and that Mr. Box actually did make such choices to my harm and detriment. Please see, for example, United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998).

As I have highlighted in my Section 2255 Motion, under "GROUND ONE" [on page 4], Mr. Box's primary interest(s) in my Case was the protection of other persons who had an interest in the outcome of the Case against me. That is Mr. Hong Tan and his associates (the "Tan Parties") for who I was only working for as a packager. Mr. Box did not use that in my defense.

LX.

Thus, unknown to me, Mr. Box was retained by and for the Tan Parties, and was never actually retained for me. As a result, Mr. Box went into his representation of me with a known conflict of interest that he never ever disclosed to me; nor, ever addressed with the Court itself. On such basis, Mr. Box should have never taken on his representation for me. That not only meets the first prong of the so-called Strickland Test, but also the second prong because it is overtly obvious that because of such unethical and unprofessional actions and/or omissions by Mr. Box, I was substantially prejudiced.

All the evidence this Court needs to prove such described actual conflict of interest is for the Court to look at the retainer agreement between me and Mr. Box and/or, to ask Mr. Box the simple, but highly relevant question [at a required evidentiary hearing]: who paid Mr. Box? It was definitely not me, but rather the Tan Parties who hired Mr. Box not to defend me, but rather, in order to protect themselves. On information and belief, the Tan Parties believed that if I went to trial, evidence would come out as to their respective material involvement(s) and actual leadership roles.

Hence, Mr. Box was hired not to protect me but in order to protect the Tan Parties. As a result, Mr. Box had a patently actual and irreconcilable conflict of interest (Mr. Box's "Conflict of Interest") because Mr. Box was not only advancing other interests as opposed to mine. Thus, he knowingly was consistently and continuing to make such choices to my harm and detriment. If it were not for such Conflict of Interest, I would have not received the judgment of conviction (the "Judgment") and the 51-month sentence I did (my "Sentence") if Mr. Box was actually and fully representing me and my interests as opposed to those of others.

Such Conflict of Interest: (i) infected the entire Case against me; (ii) constructively denied me my constitutional right to counsel; (iii) resulted in a complete lapse of representation; (iv) patently denied me any defense (v) did not permit me to prepare and mount the appropriate defense including based on said Conflict of Interest; and, (v) restrained, hobbled and disabled Mr. Box from actually representing me and my interests at all.

Moreover, because I can and have established the presence of an actual conflict, I need not show prejudice under the second Strickland prong because prejudice is presumed under such described circumstances. See, for example, United States v. Infante, 404 F.3d 376, 391 (5th Cir. 2005) (footnote omitted).

As I am claiming a conflict of interest, the Court must also ask whether Mr. Box "labored under a conflict of interest, which was not merely hypothetical and whether the conflict adversely affected the representation (i.e. whether it was an actual conflict.)" Id. at 392.

Thus, in addition to who actually paid for Mr. Box's services, the following facts additionally evidence Mr. Box's actual Conflict of Interest:

1. Mr. Box never disclosed to me who paid for his services. I did not ever pay for Mr. Box's services, nor was I ever asked to pay for Mr. Box's services by him. Upon information and belief, the Tan Parties paid for Mr. Box's services, including upon information and belief, to protect themselves and their organization(s). Even if Mr. Box may have an engagement or retainer agreement with me - which I do not believe he did - it does not disclose anywhere such relationship between him and the Tan Parties. Nor does any such lawful agreement permit any such conflict of interest.

2. Mr. Box never explained to me what defense strategy he intended to employ for me, most likely because he did not have my interests to protect. He also did not ever speak to me about what chances I had if I were to go to trial; he did not ever discuss me the details of my Case or the evidence against me (the "Evidence"); and, never informed me what investigations he was going to undertake for me, or pleadings he was going to file on my behalf.

3. Mr. Box did not ever object to any of the Evidence against me, how such Evidence was obtained, or that the Evidence was actually obtained by the authorities without any search warrant at the time of arrest.

4. Mr. Box did not discuss the plea bargaining process with me, nor did he ever inform me that he will try to get me a better "deal" with the Government. He only accepted the first offer the Government may have discussed with him. Upon information and belief, Mr. Box did not ever tell the Government that I may go to trial if I do not get a fair plea bargain agreement as I had specifically instructed him to do.

5. At the sentencing hearing and prior hearings, Mr. Box wrote down on a piece of paper for me what to actually say to the sentencing Judge's questions with a simple "yes" or "no." He never permitted me to evaluate any of the issues or questions put forth by the Court (or the "Sentencing Judge"), including because it did not suit the Tan Parties interests to do so.

6. Mr. Box also wrote down for me to say "yes" when the Judge asked me if I was satisfied with my attorney's services. He actually knew when the Judge was about to ask because he wrote down "yes" for the "next question." I did not know the consequences of following Mr. Box's instructions; and, Mr. Box also never explained the consequences of my confirmations of "yes" to the Judge's questions.

7. Mr. Box also made no objections whatsoever to any of the claims, allegations and arguments made by the Government. He simply accepted every such allegation, claim and charge against me with no objections whatsoever. For example, the weight of the marijuana went from 100 pounds to 100 kilos with no objection at all from/by Mr. Box. That, resultingly, did significantly increase the length of my Sentence. Mr. Box also did not plan nor conduct any investigations, or analyses as to the appropriate defense strategy for me. To my my harm and detriment, Mr. Box also did not examine or evaluate any of the Evidence against me. Nor did he ever discuss with me, at anytime, anything about the Evidence and its implications.

8. Mr. Box never explained the appeal process to me; nor did he inform me that I still had the constitutional right to appeal despite my plea or any waivers that may have been contained in the plea agreement, including whether my appeal was meritorious or not. He also never informed me, verbally nor in writing, that I only had fourteen (14) days to appeal the Judgment of Conviction against me. As a result, I missed the opportunity to appeal the Judgment and Sentence against me.

9. Mr. Box also never permitted me to appeal the Judgment and Sentence although as further detailed below, I had specifically asked him to do; and, as there were a number of errors made in relation to my charges and ultimate Sentence and which Mr. Box never objected to as I had specifically also asked him to do. This includes that I ended up being charged for 100 kilos of marijuana as opposed to 100 pounds of marijuana with no explanation as to why the weight increased; with no objections, evaluations or investigations at all from/by Mr. Box; and, with no explanation from him as to why I was charged with the higher Quantity of marijuana when I specifically objected to the higher Quantity to him repeatedly.

10. Mr. Box himself also did not timely appeal the Judgment and Sentence against me even though he firmly knew that I was not pleased at all with the ultimate Sentence that I received; and, also with respect to the other issues I have raised herein with respect to the material errors and/or omissions by Mr. Box.

11. Mr. Box did not even show up for my initial arraignment hearing - someone else from his office did. That particular person [who I still do not know who it was] specifically asked me to waive and continue the arraignment hearing for unexplained reasons. I was not provided any prior notice or information, at all, as to why Mr. Box's did that. I was also never informed as to the reasons and basis for said hearing; and, why the Box Law Firm asked me to sign that particular piece of paper. However, the Judge later told me that I had agreed to continue the hearing - most likely due to the paper that the Box Law Firm had asked me to sign.

12. Mr. Box never returned my calls or met with me during the Case as I had specifically requested him to do; including, during a period while I was detained in county jail and I was being subjected to detrimental treatment. For instance, my reading books and my bible were taken away from me for no reason by jail officials. When I found Mr. Box on that rare occasion and complained to him about said events, and asked him to investigate and at least have my bible returned to me, he simply ignored my request to him on such issue. I was also forced to urinate and defecate in the yard when guards refused to open the door for me to access the common restroom. When I asked Mr. Box the appropriate procedure(s) to file a formal complaint, he just disregarded my request(s). He also failed to follow-up with me on the issue when I specifically asked him to please consider what can I do, and what procedures I must follow to file a formal complaint, especially as I do not speak English as my primary language. My primary language is Mandarin as I am from China.

13. I wrote numerous letters to Mr. Box from my county jail where I was detained but he did not answer any one of such letters. Those letters specifically asked him to help me with my situation in County Jail; and also, importantly specific questions about my case including as to whether he thought it better that I come up with a trial strategy and proceed to trial. Because Mr. Box never answered any such written communications to him, I was never actually prepared for Trial; and, Mr. Box never actually prepared a defense strategy to me.

LX·

14. An additional couple of letters I wrote to Mr. Box right after sentencing specifically asked Mr. Box to appeal for me right away as I was not happy with the Sentence I received. Mr. Box never answered those letters, including after I had informed him in one of those letters that I did not have much time. I was not sure at that point how much time the rules provided but I was told by many fellow detainees that I only had " a couple of weeks." Again, Mr. Box never answered any of such letters from me, including as to whether it was a good idea or not to appeal. He just ignored my letters.

15. Mr. Box knew that I was not fluent in English but he never brought or had a English-Mandarin speaking translator with him when he met me at the Court or during the rare occasions I was finally able to reach him on the phone. He also never translated or explained any of the Court or Case documents and pleadings to me so I was, resultingly, completely unaware and ignorant as to the scope, contents and status of any pleadings or filings in my Case.

16. Upon my information and belief, Mr. Box did not prepare, file nor submit and serve any substantial pleadings for me in my Case other than those that may be related to a plea agreement. At least he has never shown me, or ever told me that he has actually filed something for me. As he has also never provided me a copy of the docket summary of my Case, I actually do not even know what was filed for me, or by the Government, or what orders, notices or memos were entered by the Court in my Case. In fact, I do not know anything about what transpired in my Case based on Mr. Box's above-described material and intentional omissions - all of which were entirely based on the hinderance and actual obstruction of his ethical and professional responsibilities to/for me by his above-described Conflict of Interest.

17. Mr. Box also, deliberately or otherwise, also patently failed to object to erroneous and wrongful items in the Pre-Sentence Investigation Report (the "PSR"). Most relevantly is the Quantity of drugs I was being charged with. I also highlighted a number of errors in the PSR to Mr. Box, including that I actually had a lesser role than I was being charged with. At one time, I specifically told Mr. Box about the errors in the PSR while we were in Court and I asked him to make specific objection to the Quantity of the drugs and my role with respect to the PSR, but Mr. Box told me to be quiet.

18. Relevantly, I had informed Mr. Box I was only a low-level packager, and repeatedly told Mr. Box to formulate a defense around that for me; but, as already stated above, Mr. Box just continued to ignore me and my specific requests and questions to him.

19. Mr. Box was highly untruthful to me. Such untruthfulness and falsehoods included the following:

(i) First, as explained above, Mr. Box comprehensively concealed his clear Conflict of Interest from me throughout his representation. Mr. Box never told me and also deliberately hid from me that he was actually being paid by the Tan Parties. This in itself obviously creates an irreconcilable conflict of interest because my interests and the Tan Parties' interests are clearly not aligned; and, also because Mr. Box is more focused on protecting the Tan Parties' interests and not mine, which, resultingly, hinders, obstructs and prevents Mr. Box from focusing on my required defense(s) and defense strategies.

(ii) Second, Mr. Box informed me that I would not receive the Sentence I did after entering if I would have entered into a plea agreement with the Government, but a much lesser Sentence. If I knew that I would receive the Sentence I did, I would have proceeded to Trial.

(iii) Third, Mr. Box specifically told me that if I was not comfortable with any plea agreement, I could proceed to Trial. However, he then pushed me to enter into an unfavorable agreement with the Government that I was not comfortable with.

(iv) Fourth, Mr. Box told me upfront that he would undertake any and all investigations necessary to prepare and mount a full defense for me, including for Trial. Subsequently though, as discussed and evidenced later herein, he never conducted any investigations into the evidence against me, what witnesses he would need to examine, and my actual role in the charges against me.

    The above evidences that Mr. Box's Conflict of Interest was not hypothetical but actual including because he never actually considered my position and interests at all, but rather those of his real/actual client(s), the Tan Parties. It was the Tan Parties who paid for Mr. Box's services, and it was the Tan Parties who Mr. Box actually represented, to my harm and detriment. Again, the Court only needs to evaluate either from Mr. Boss directly or from the source and payment of Mr. Boss' fees to come to its own conclusion with respect to the above-explained irreconcilable Conflict of Interest that Mr. Box knowingly and whole-heartedly accepted, all to my substantial prejudice as it adversely affected the outcome for me.



APPENDIX - 2 // GROUND TWO - Continuation from Page 6

I.   Introduction

   Under controlling law, despite any type of perceived or actual waiver that may be contained in any plea agreement with me and the Government, I still have a right to appeal my Judgment and Sentence.  Please see, for example, United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005).

   My Defense Counsel, Mr. Box not only failed to explain the appeal process to me, but he also utterly refused to appeal my Judgment and Sentence, timely or otherwise after I specifically asked him to do so. This was not only a material violation of my constitutional rights [despite any type of waiver for any such appeal based on the United States Supreme Court's controlling law], but also was outside the range of professionally competent assistance as required under Strickland.

   Mr. Box also refused to withdraw so that I could have appealed myself and/or through alternative legal counsel. Mr. Box never provided any reason(s) as to why he refused to file and serve a timely Notice of Appeal for me, including based on my repeated arguments that the weight of the marijuana somehow increased from one hundred pounds to one hundred kilograms. My prior Defense Counsel also did not provide me any explanation(s) nor justification(s) as to why he refused to withdraw and/or permit me to obtain alternative legal counsel, including to timely appeal for me.  At this point, it is obvious that all such actions and/or omissions by Mr. Box are inherently related and associated with his actual Conflict of Interest that I have identified, explained and evidenced in Ground One above.

   The Tenth Circuit has held that when legal counsel failed to file an appeal for his/her client, that falls within the scope of plea agreement waivers. Please see, for example, the following unpublished opinions:  United States v. Macias, 229 Fed. App'x, 683, 687 (10th Cir. 2007); and, United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007).

II.   Factual & Legal Support

   With respect to Mr. Box's refusal to appeal for me, the Supreme Court held in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477.  In other words, Mr. Box's utter failure to explain the appeal process and then to file any appeal for me as I had specifically asked him to do is per se ineffective assistance of counsel, regardless of whether any such requested appeal had merit or not. Id. at 483-486.

   Furthermore, in Glover v. United States, 531 U.S. 198, 199, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance."  Thus, the prejudice prong of the Strickland Test does not require that any increase in sentence must meet a standard of significance for me to prove Mr. Box's ineffective assistance for failing to appeal for me.  Please also see United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003). Moreover, under such scenario, prejudice should be presumed because the described ineffective assistance deprived me of an actual appellate proceeding altogether.

   As highlighted above, Mr. Box also continued to refuse to consult with me about my requested appeal. Due to his above-described Conflict of Interest, Mr. Box also refused to consult with me about any type of appeal; did not inform me about any of my appellate rights, including why it is still permitted after a plea agreement; did not explain to me what the Sentencing Judge informed me about any appeal rights I may have; did not tell me anything about the advantages and disadvantages for me if I pursued any appeal; and, relevantly here, did not make any effort, whatsoever, to determine if I wished to pursue an appeal.

Rather, Mr. Box knowingly and calculatingly avoided the appellate subject altogether with me prior to and after sentencing. Pertinently, I had specifically informed Mr. Box prior to sentencing that if I did not receive an appropriate sentence I wished to appeal any Judgment and Sentence against me. Mr. Box refused to analyze, evaluate or discuss my comments to him with me at anytime prior to and after sentencing.

If it were not for Mr. Box's repeated failures to appeal my Judgment and Sentence, I would have certainly appealed the Sentence against me myself and/or through alternative legal counsel. Any rational person would have wanted to appeal the Sentence that I received based on misinformation and inaccuracies in the actual amount of marijuana involved for instance.

On all such basis, I should receive the opportunity to have an evidentiary hearing to not only further evidence such patent omission(s) by Mr. Box; but, to also prove that to my material prejudice, Mr. Box also utterly failed to consult with me about any appeal. At such Evidentiary Hearing, I can also further evidence Mr. Box's above-described actual Conflict of Interest that was unknown to me because Mr. Box knowingly and intentionally concealed said Conflict of Interest from me; and, relevantly, also from the Court itself.

As described in Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a court must "judge... [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id.

Mr. Box's above-described omissions in appealing for me due to his actual Conflict of Interest are supported by the facts. No timely appeal or any other appeal was filed for me by Mr. Box as I had specifically requested. The record evidences that.

Other Relevant Considerations

What is also highly relevant here is that Mr. Box intentionally and calculatingly concealed his irreconcilable Conflict of Interest from me. Therefore, I just did not know about said Conflict of Interest at the time Mr. Box was representing me during my Case until I reviewed the historical facts for myself, and then, also researched this particular issue in my federal prison's Electronic Law Library (the "ELL"). Only then did I properly piece together the necessary facts, and then I attempted to appropriately demonstrate and evidence all such facts [as explained above and in the other Grounds herein] with the required legal and controlling law support as stated and explained throughout my Section 2255 Motion.

It is additionally overtly clear from all such facts that Mr. Box was knowingly and patently untruthful with me with respect to my Case; and, importantly here, regarding his actual Conflict of Interest. All such issues are overtly evidenced by his utter failure to appeal for me as I had specifically requested, no matter what he thought of the merits of any such specifically-requested appeal.

Upon information and belief, Mr. Box was afraid that I and/or alternative legal counsel would discover the truth about his very real Conflict of Interest. Further evidence of such material fact is that Mr. Box additionally and deliberately concealed the appellate process from me so that I would not appeal on my own and/or through alternative representation that I would have requested from the Court. Obviously, if I had known about such Conflict of Interest, I would have informed the Court of such fact(s). However, Mr. Box knowingly and calculatingly concealed all such facts from me so that I would not know the truth; nor that I would be able to tell the Court about such Conflict of Interest.

Moreover, when I did ask Mr. Box about who was actually paying for his services, he told me not to worry about it but to just to go along with what he directed me to do and say in Court. For instance, as I have described in Ground One, Mr. Box wrote down for me what to say at every hearing, including after the Judge may have asked me a question with a "yes" or "no" answer that he wrote for me on a piece of paper.

Mr. Box did not bring up anything about an appeal or in relation to an appeal after I was sentenced or at anytime prior to such sentencing. He also did not explain to me what rights I was giving up in any Plea Agreement I may have entered into, nor of the consequences of signing any such plea.

Additionally relevant to my Section 2255 Motion is that it was Mr. Box who compelled me into pleading guilty and not going to Trial - as he stated: "I should not go to Trial under any circumstances." I did not know it at that time but it was Mr. Box's interests to protect the Tan Parties, and not me that was driving such strategy by/from Mr. Box. Such described Conflict of Interest also prevented Mr. Box from following my specific instructions to timely appeal for me.



APPENDIX - 3 // GROUND THREE - Continuation from Page 7

I.   Introduction

Defendants are entitled to effective assistance of counsel during the plea-bargaining process. <u>Lafler v. Cooper</u>, 566 U.S. 156, 162-63, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).  As with other "Ineffective Assistance of Counsel" claims, the two-pronged <u>Strickland</u> test still applies.

In the context of asserting Ineffective Assistance of Counsel for a plea agreement, I am required to demonstrate that Mr. Box's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for Mr. Box's errors, I would have not pled guilty and would have insisted on going to trial. <u>United States v. Clingman</u>, 288 F.3d 1183, 1186 (10th Cir. 2002) (citing <u>Miller v. Champion</u>, 262 F.3d 1066, 1072 (10th Cir. 2001), cert. denied, 534 U.S. 1140, 122 S.Ct. 1092, 151 L. Ed. 2d 990 (2002)).

<u>First</u>, the Plea Agreement I entered was involuntary induced by Mr. Box due to his primary interest to protect the Tan Parties. Secondly, Mr. Box refused to withdraw my Plea Agreement at various times that I had instructed him to because I felt very uncomfortable with it, especially when the Quantity of the marijuana I was being charged with abruptly [and with no explanations to me by Mr. Box or anyone else] went from 100 pounds to 100 kilograms (effectively doubling).

<u>Second</u>, Mr. Box also provided colorable ineffective assistance of counsel during the negotiation of and the entry of the Plea Agreement I entered into, including because I did not actually know anything about the actual plea I was entering into. Just a few days prior to my Plea Hearing, Mr. Box informed me by telephone after I had repeatedly attempted to get hold of him with respect to the status of my Plea Agreement that I would be going to Court in just a few days to agree to the Plea Agreement. However, I did not know anything about the Plea Agreement itself, what it contained and what I was actually agreeing to. All that I knew then and continued to know through the Sentencing was that I was going to receive just a two (2) year Sentence for agreeing to plead guilty.  Hence, it was rational for me to accept the Plea Agreement based on a shorter sentence than I would have otherwise received if I went to Trial, including based on what Mr. Box was telling me.

<u>Third</u>, Mr. Box specifically informed me during that same telephone call that I would be "better off" to say yes to the Court's questions that I am satisfied with the Plea Agreement - even though I did not know anything about it; and, that I would also need to say yes to the Court's questions about my satisfaction with Mr. Box's services.

As a result of Mr. Box's promise of a two-year Sentence, I was forced to enter into the Plea Agreement not knowing anything about what was actually contained in such Plea Agreement, nor to what commitments I was making to the Government and/or to the Court in the Plea Agreement itself.  Furthermore, I did not know that I would potentially be exposed to a longer sentence than a two-year Sentence because Mr. Box informed me not to worry about that as that would not happen to me due to my minimal role as a packager.

II.   Factual & Legal Support

In the context of a guilty plea, to establish ineffective assistance of counsel, I must demonstrate that Mr. Box's performance fell below an objective standard of reasonableness; and that, if Mr. Box had properly advised me, I would have insisted on going to Trial.  Please see <u>United States v. Silva</u>, 430 F.3d 1096, 1099 (10th Cir. 2005).

The Tenth Circuit Court of Appeals has concluded that pleas are involuntary where the attorney materially misrepresented the consequences of the plea <u>Id.</u> at 1099. That was the case with Mr. Box.

As highlighted above, Mr. Box told me that I would receive very little time [only two (2) years] if I pled out as opposed to going to Trial. This was just not an erroneous estimate of the potential plea sentence by Mr. Box, but rather a deliberate attempt to preventing from going to Trial in order to prevent harmful information about the Tan Parties to come out at Trial. Therefore, unknown to me at the time, Mr. Box's repeated attempts to convince me to take a plea agreement was not for my interest(s), but rather for the Tan Parties' interests.

Additionally, at each and every time, Mr. Box talked me out of my requests to withdraw from the Plea Agreement and the Plea Agreement negotiations. I did not feel comfortable with the Plea Agreement negotiations because I was never party to them, I never knew what was being discussed, and I never knew their status, all because Mr. Box refused to inform me about said negotiations, and also deliberately ignored my questions about their status and potential outcome.

I also never actually saw nor had the opportunity to review and evaluate the Plea Agreement itself. Mr. Box also refused to translate it into Mandarin for me. I repeatedly requested a copy of the Plea Agreement from Mr. Box prior to signing it, but he never provided it to me. I was then just told to sign the Plea Agreement by Mr. Box at the very last minute prior to the Court Hearing, without even having the opportunity to review the Plea Agreement nor its contents.

Resultingly, I did not know the contents nor any of the terms and conditions of the Plea Agreement when I was told to sign it by Mr. Box, who only presented it to me for my signature at the very last minute; and, with a promise that I would only receive two (2) years. Mr. Box also never provided me any signed copies of the Plea Agreement. For the Court Hearing on the Plea Agreement, as I have explained above, Mr. Box told me just to answer with a "yes" or "no" as he wrote them down on a piece of paper for me as the Judge was asking me questions about the Plea Agreement, its contents and if I was satisfied with Mr. Box's services.

Furthermore, at my Plea Hearing, there were material disparities between what I was led to believe by Mr. Box and what the Court stated at the Plea Hearing. When I questioned Mr. Box about those material differences with respect to what I was being charged with as opposed to what I was being told by Mr. Box that the Government and the Court were aware of my minimal role, Mr. Box told me not to worry and that he would sort that out but he never did. As a result, I ended up being sentenced for even more time than other more involved people received.

If Mr. Box would have been truthful about such issue - that I was going to receive a higher sentence [more than double than what Mr. Box had informed me that I was going to receive in the undisclosed Plea Agreement negotiations] because the Government and the Court were incorrectly informed and/or believed that I had a larger role than I did and/or for any other reasons [including as a result of Mr. Box's intentional or otherwise failure to challenge or contest said presumed or alleged role] - then, I would have not pleaded guilty and gone to Trial, especially as I did not know nor was I ever informed [by Mr. Box] that Mr. Box unreasonably and unprofessionally failed to reduce my exposure to a lengthy sentence.

I was not able to raise such issue directly at the Plea Hearing because Mr. Box wrote for me on a piece of paper not to say anything; and, additionally prompted me by writing on that same piece of paper just say "yes" or "no" when the Judge was asking me questions. The Transcript of the Plea Hearing will evidence that. I only said "Yes" or "No" to the Judge's questions. Therefore, in essence, my guilty plea was completely involuntary and unknowing.

All such errors and omissions by Mr. Box materially prejudiced me because if was not for Mr. Box's untruthfulness as to the Sentence I was going to receive even if I pled out; his concealment of the actual facts, including his Conflict of Interest and the status and contents of the plea bargaining process; and, his manipulation of my expectations, I would have not pled out, and insisted on going to Trial. Please see, for example, Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (To establish prejudice in the context of pleas I must "show that there is a reasonable probability that but for [Mr. Box's] errors, [I] would have not pleaded guilty and would have insisted on going to trial."). That would have obviously been the rationale choice for me based on all of the above, especially based on Mr. Box's material concealments from me.

Furthermore, based on the facts I have provided above, it is overtly obvious that my plea of guilty also was not voluntary and knowing; and, resultingly it is void. As I have demonstrated above, my due process rights were materially violated by Mr. Box's Ineffective Assistance of Counsel with respect to the plea bargaining phase of my criminal proceedings. In other words, due process requires that my plea of guilty be "voluntary and knowing," otherwise my plea of guilty is void. Please see Boykin v. Alabama, 395 U.S. 238, 243, n.5, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Also see Tovar Mendoza v. Hatch, 620 F.3d 1261, 1269 (10th Cir. 2010) ("[T]he longstanding test for determining the validity of a guilty plea...is whether the plea agreement represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (quoting Hill v. Lockhart, 474 U.S. at 56) (internal quotation marks omitted).

APPENDIX-4 // GROUND FOUR - Continuation from Page 9

I.    Introduction

To demonstrate prejudice based on my Defense Counsel' inadequate investigation, I must show what information would have been obtained from further investigation; and, that it would have produced a different outcome in the underlying proceedings against me.

First, it can hardly be said that I had effective assistance of Defense Counsel when Mr. Box utterly failed to conduct any investigations at all, including possible avenues of defense and what my actual defense would look like. This is clearly demonstrable by the complete lack of any defense pleadings at all in the Case against me.

Second, if my Defense Counsel, Mr. Box, had properly and thoroughly investigated the Evidence against me including how that Evidence was procured by the authorities, he would have been better prepared for any plea discussions and/or negotiations; and, for sentencing; or, in the alternative for Trial. In other words, he [and I] would have been able to prepare and mount an adequate defense regardless of any plea negotiations. In fact, it would have put me in a better position to make the appropriate arguments in any such negotiations. For instance, I would have been better prepared to challenge my role in the actual charges against me or as to the actual Quantity of marijuana I was to be charged with.

Third, Mr. Box's anticipation of what a potential witness would say does not excuse his additional utter failure to even identify, locate and interview any potential helpful witnesses including from the Tan Parties.

It is overtly obvious that Mr. Box could not do any of these things due to his concealed actual Conflict of Interest as I have illustrated in my previous Grounds/Claims.

II.    Factual & Legal Support

"[Defense] counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691, 104 S. Ct. at 2066.

It is just common sense that if my Defense Counsel had investigated and analyzed the Evidence against me and what type of witnesses would be beneficial for me that he would have actually had an informed evaluation of the type of defense strategy he can potentially employ for me; and, resultingly, what challenges and objections that he could have made on my behalf with respect to the Government's Case against me.

Primarily, if Mr. Box would have interviewed Mr. Tan in order to further investigate and analyze what precise testimony he can elicit from Mr. Tan for my benefit, including what other witnesses may be available to assist me in my defense of the Case and Evidence against me; what if any my minimal role was in the Case against me and other co-defendants; and, what is actually the extent of the Evidence against me, such as the amount of marijuana that was actually involved. Any such examination of Mr. Tan would have also permitted Mr. Box to appropriately analyze a potential defense for me, and/or utilize that information to negotiate a more appropriate and better plea agreement for me with the Government.

However, Mr. Box did not do any of such requested investigations for me because he was actually [unknown to me at the time] representing Mr. Tan's interests and not mine.

It was, therefore, totally unreasonable and highly prejudicial to me that Mr. Box's decision was to forgo any investigation for me, including an interview with Mr. Tan as I had specifically requested from him.

LX·

However, it becomes clear why he opted for that strategy when one considers his concealed and actual Conflict of Interest that I have described earlier herein.

Because Mr. Box's primary goal was to protect the Tan Parties and their interests, his focus on that sole objective, I was materially compromised in that it was not in the Tan Parties' interests that Mr. Box conduct any required investigations to prepare and mount a proper defense for me.

For example, it can hardly be said that I had effective assistance of Defense Counsel when Mr. Box utterly failed to investigate the actual Quantity of marijuana; and then, subsequently, based on such investigation, analyze and implement the appropriate challenges and objections to any other alleged Quantity of marijuana I was ultimately charged with, whether that is alleged by the Government or actually, erroneously or otherwise, considered by the Sentencing Court. Secondly, Mr. Box utterly refused to evaluate, investigate or analyze whether the authorities had any search warrant or, in fact, did need a search warrant to utilize the Evidence against me. As he failed to do neither of the required investigations, I was substantially prejudiced because it adversely affected the outcome for me.

Furthermore, any anticipation of a potential plea agreement by Mr. Box does not excuse his utter failure to even find out through the proper investigation and analyses the actual Quantity of marijuana. My Box's decision to forgo any investigation was more than unreasonable and highly prejudicial to me.

If Mr. Box had actually conducted the required and requested investigations on my behalf, including by verifying the actual weight of the marijuana that I should have been charged with; ensuring that he collected the necessary evidence, witness testimony and supporting materials to prove my minimal role as a packager and nothing more; and, identifying and interviewing the appropriate witnesses including Mr. Tan who would have actually confirmed my lesser role, I would have been in a position to reject the highly flawed and undisclosed Plea Agreement that I was involuntary and unknowingly forced into by Mr. Box, and proceeded to Trial. Obviously, that would have been the rational and intelligent choice under all such described circumstances, especially because I did not know anything about the Plea Agreement that was "dropped" on me at the last second by Mr. Box.

Finally, the required investigation would have even better prepared me for sentencing because any information derived from any such investigation would have assisted me to properly inform Mr. Box as to what to object to or challenge, or not. The outcome of my sentencing would have changed if Mr. Box would have actually analyzed all such data and information, prior to sentencing.

That is because due to his utter failure to investigate my role or the actual weight of marijuana that I should have been charged with, Mr. Box was in no position, at all, to timely and appropriately challenge the Government's assertions and statements, nor to object to and contest any erroneous or inapplicable sentencing considerations by the Court. I was then resultingly prejudiced by such unreasonable errors and omissions by Mr. Box based on the more than double length of sentence that I was allegedly being offered by the Government in the Plea Agreement. I received a 51-month sentence when I was assured by Mr. Box that any Plea Agreement I would enter into would have the Court only impose a 24-month Sentence.

Hence, just on this basis alone, I have met both prongs of the so-called <u>Strickland</u> test: because Mr. Box failed to conduct the proper investigations to prepare and mount the proper challenges and defense of the Government's charges against me with respect to the actual weight of marijuana and/or my role, I received a more than double length of sentence that was allegedly proposed to me by the Government in the Plea Agreement that I was then involuntary and unknowingly forced to enter into. In turn, if I had known all of this - that I would not actually be receiving what I was told I would be - I would have obviously proceeded to Trial. It would be the obvious rational and intelligent choice given such circumstances.

Moreover, it is also highly transparent from the above material omission(s) by Mr. Box, and the other Grounds I have highlighted and described in this instant Section 2255 Motion, that the result(s) of the underlying proceedings were fundamentally unreliable and unfair to me based on all such Grounds, especially because of my Defense Counsel's patent failure to properly and fully make any required investigations.

This in itself highlights and proves that I was materially prejudiced by my Defense Counsel's unreasonable decision(s) not to make any investigation(s), analyses, and evaluations at all with respect to my defense no matter if Mr. Box did not believe that I had any sufficient defenses or otherwise. "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable is defective." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).

## SUPPLEMENT: GROUND FIVE

>>> Ineffective Assistance of Counsel by my Defense Counsel, Mr. Box, for his errors and omissions in relation to my "Sentencing," including for his patent failure to object, as was necessary and/or reasonable for him to do during the critical phases of my "Sentencing."

I.   Introduction

To my material harm and detriment, my Defense Counsel, Mr. Box failed to object - as was required and reasonable for him to do - at the critical phases of my Sentencing. This not only materially contributed to a higher sentence than I would have otherwise received if such objections were actually made; but also patently prejudiced my appellate rights because I, resultingly, could not rely on such critically needed objections in any required appeal of my Sentence.

For instance, Mr. Box, materially and continued to failed to object, challenge or contest the Pre-Sentence Investigation Report (the "PSR"), the Government's arguments with respect to the Sentence I was to receive; and, also in relation to the Court's fact-finding and considerations during the Sentencing Hearing. This is patently evidenced by the lack of any written objections to the PSR in the underlying record by Mr. Box although I specifically asked him to object to the weight of the drugs I was being charged with.

Relevantly, because I have already demonstrated that Mr. Box provided Ineffective Assistance of Counsel in the negotiation and entering of the Plea Agreement and any waivers it may contain, I may also challenge his Ineffective Assistance of Counsel despite any such waivers to a Section 2255 Motion, especially as the Plea Agreement I may have signed was involuntary and unknowing. Please see United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).

II.   Factual & Legal Support

First, because my Mr. Box committed all of the material errors and omissions cited and described above, including due to his demonstrated Conflict of Interest an appropriate and useful record for sentencing was not created for me by Mr. Box.

Secondly, coupled with the involuntary and unknowing Plea Agreement I was coerced by Mr. Box to enter into, as a result of such intentional errors and omissions by Mr. Box along Mr. Box's utter failure to conduct any pre-trial evolutions or investigations for me, I was not in a position at all at sentencing to challenge or contest any factor that was utilized against me by the Government and/or the Court to render the lengthy Sentence I received as opposed to what I had been led to believe that I would receive - I received a 51-month Sentence versus a 24-month Sentence.

For instance, with respect to what was contained in the PSR and even at sentencing Mr. Box had every opportunity to object to or contest the actual marijuana amount that I was charged with but he did not do so. I had specifically asked him to object to that inaccurate marijuana amount in the PSR. Mr. Box agreed to do it but he never did - not even during the Sentencing Hearing or at anytime prior to or after said Hearing.

Also relevantly, Mr. Box did not provide the Court any guidance at all as to the types of sentences other defendants involved in the same marijuana case and with more serious charges were receiving. This resulted in a disparately higher sentence for me as compared to those other more serious cases.

As a direct result of such prejudicial omissions by Mr. Box, the Court placed significant weight on the uncontested weight of the marijuana and my perceived role as opposed to actual role; and, I resultingly received a higher Sentence than I would have otherwise received if Mr. Box had timely and actually objected and challenged such significant issues.



Then, as already described in Ground Two above, Mr. Box added further insult to my injuries when he failed to appeal the Sentence for me after I had specifically asked him to do.

This is relevant for this Ground because the Sentence I received was not even close to what I was told it would be in relation to the Plea Agreement I involuntary and unknowingly entered into because Mr. Box coerced me into entering such Agreement based on the promise of a 24-month Sentence. Mr. Box also utterly refused to communicate with me as to the status or actual topics and contents of any discussions he was having with the Government in relation to the Plea Agreement. I did not know anything about the Plea Agreement until Mr. Box "dropped" it on me at the very last minute and told me to sign it as I did not have any other alternatives. I did not know it at the time but such prejudicial acts and omissions by Mr. Box were all intended to conform with his true client's [the Tan Parties'] interests and not mine.

Then, when I did not receive the Sentence that Mr. Box told me I would receive as a result of the concealed Plea Agreement but a much higher one of 51-months, I immediately asked Mr. Box to appeal for me. However, as already described in Ground Two Mr. Box knowingly and calculatingly failed to do so as it was not in the Tan Parties' interests for him to Appeal for me, and thereby exposing the Tan Parties to what may have come out in such Appeal; and/or, if the Appeal was successful, I would then had the opportunity to obtain a different lawyer who would have actually been focused on my interests and not those of the Tan Parties. Moreover, information that was beneficial to me as to what my actual minimal role was, how much marijuana was really involved in my particular charges, or how the Tan Parties were involved would have been revealed.

The Tenth Circuit has held that an attorney who disregards a defendant's request to file a notice of appeal [as I specifically asked Mr. Box to do] is ineffective and this error is presumptively prejudicial. United States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003). The remedy for an attorney's failure to file an appeal as I had specifically requested Mr. Box to do for me right after Sentencing when I received a 51-month Sentence is granting the defendant leave to file a delayed appeal. United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005).

---

Direct Appeal of Ground Five:

I did not appeal my Defense Counsel's failure to include material facts, issues and arguments into the Record because my Defense Counsel refused to timely, or otherwise, file the appropriate notice of appeal as I had specifically, repeatedly and timely asked him to do.

---

Post-Conviction Proceedings in Relation to Ground Five:

The above-stated Ground Five has not been raised in any post-conviction motion, petition or application.

---

∠X.